IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION

EQT PRODUCTION COMPANY,

    Plaintiff,

v.

No.: _____

DALE A. PHILLIPS

**JURY TRIAL DEMANDED**

and

PHILLIPS LAW OFFICE,

    Defendants.

## COMPLAINT

Comes the Plaintiff, EQT Production Company, by counsel, and for its Complaint against Defendant, Dale A. Phillips, and Defendant, Phillips Law Office, states as follows:

## PARTIES

1. Plaintiff, EQT Production Company, is a Pennsylvania corporation with its principal place of business located at 625 Liberty Avenue, Suite 1700, Pittsburgh, Pennsylvania 15222. Equitable Production Company is the predecessor in interest to EQT Production Company and both will be referred to as "EQT."

2. Defendant, Dale A. Phillips ("Phillips"), is an attorney licensed to practice law in the Commonwealth of Kentucky who resides at 675 Conley Road, Oil Springs, Kentucky 41238.

3. At times relevant to the allegations in this Complaint, Defendant, Phillips Law Office ("Law Office"), was a sole proprietorship operating under Phillips' real name and was located at 344 Main Street, Paintsville, Kentucky 41240.

7217391

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum of $75,000.00 exclusive of interest and costs and is between citizens of different states.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a) and (b) as a substantial part of the events or omissions giving rise to the claim occurred in this judicial district and the property that is the subject of the action is situated in this judicial district.

## FACTS

6. At times relevant to the allegations in this Complaint, Phillips was licensed to practiced law in the Commonwealth of Kentucky.

7. During his legal career, Philips has devoted the majority of his practice to performing title work for clients involved in the mining of coal and the production of oil and gas.

8. Title work requires an examination of public records to determine what records affect the property interests being searched, review of those records to determine their applicability, and rendering an opinion to the client as to the state of the title of the property interest being searched as of a particular certification date.

9. The attorney who prepares a title opinion for a client certifies to the client that the attorney has conducted an examination of the necessary records deemed appropriate by the attorney to meet the needs of his or her client, certified through a particular date set forth in the opinion.

10. Prior to drilling an oil and gas well, an energy company will obtain the current status of title as to the property(ies) from which it will extract oil and/or gas at the time the company is planning to drill the well.

11. At times relevant to the allegations in this Complaint, EQT was engaged in the exploration and production of oil and gas in eastern Kentucky and obtained title opinions prior to drilling oil and gas wells in order to avoid drilling wells at locations where EQT did not have the rights to do so.

12. When EQT engaged Phillips to perform a title opinion, it requested, among other things, that Phillips certify ownership of the oil and gas estate underlying the property identified in EQT's request for a title opinion through the date of the title opinion.

13. The title opinions prepared by Phillips which are at issue in this action are identified on attached Exhibit A.

14. Phillips testified in prior proceedings that in preparing the title opinions at issue, he did not search lessee title in the public records through the date of title certification.

15. In each of the title opinions at issue, Phillips certified ownership of the leasehold estate although he did not search lessee title in the public records through the date of title certification.

16. Phillips did not advise EQT that his title examinations performed in rendering his opinions excluded searching oil and gas leasehold interests through the date of his title certification with regard to any of the title opinions at issue.

17. In reliance on Phillips' title opinions identified in Exhibit A, EQT drilled multiple oil and gas wells on properties.

18. On June 13, 2012, Journey Acquisition-II, L.P. ("Journey") filed a complaint in this Court against EQT asserting claims for trespass, willful trespass, conversion, and unjust enrichment (6:12-cv-00108-GFVT-EBA) (the "Journey Litigation").

19. EQT contested Journey's claims in the Journey Litigation.

20. One of the alternative defenses asserted by EQT in the Journey Litigation was that if it was determined to have trespassed, it was an innocent trespasser under Kentucky law because it drilled wells only after obtaining title opinions from reputable counsel.

21. At trial, EQT's innocent trespass defense was rejected as a direct result and proximate cause of Phillips' failure to examine lessee title through the date of the applicable title opinion.

22. At the end of the Journey Litigation, the Court entered an Order dated and filed August 5, 2015, which was a final judgment encompassing the Court's legal findings and the jury's factual findings in the action. A true and correct copy of the Court's Order in the Journey Litigation is attached as Exhibit B.

23. In the Journey Litigation, Journey was awarded damages and prejudgment interest in its trespass claim against EQT in an amount in excess of $14 million. A portion of those damages are based upon EQT having been found to be a willful trespasser as a direct result and proximate cause of Phillips' failure to examine lessee title through the date of the applicable title opinion.

24. On July 21, 2016, the United States Court of Appeals for the Sixth Circuit affirmed the trial court's judgment, citing in part the lack of "thorough title searches" as a basis for its decision. A true and correct copy of the Sixth Circuit's opinion is attached as Exhibit C.

## CAUSE OF ACTION

25. The averments of Paragraphs 1 through 24 are incorporated herein by reference as if fully set forth herein.

26. EQT hired Phillips to search the public records and to provide EQT with title opinions certifying ownership of the oil and gas estate underlying the properties identified in

EQT's requests for title opinions. Phillips was engaged by EQT to ensure that EQT had sufficient rights to drill oil and gas wells on the properties identified in Exhibit A.

27. EQT relied on Phillips to examine the public records to ensure that EQT had sufficient title for its needs.

28. EQT relied on the certification of the leasehold interests provided by Phillips in his title opinions.

29. EQT relied on Phillips to identify what information or ownership interests were excluded from his public records searches and his title opinions when Phillips prepared the title opinions and provided them to EQT.

30. Phillips had a duty to exercise the ordinary care and skill of a reasonably competent attorney in the same or similar circumstances in searching the public records and in preparing his title opinions.

31. Phillips failed to exercise the ordinary care and skill of a reasonably competent attorney in the same or similar circumstances when he did not adequately examine the public records, when he certified title to the leasehold estates knowing he did not search the public records to determine the current ownership of those estates, and when he did not identify which information and ownership interests were excluded from his title opinions.

32. As a direct result and proximate cause of Phillips' negligent public records search, negligent drafting of his title opinions, and failure to identify what information and ownership interests were excluded from his title opinions, EQT was damaged. Journey was awarded a judgment requiring EQT to pay Journey willful trespass damages and prejudgment interest for production from oil and gas wells drilled by EQT in reliance upon Phillips' title opinions, which wells were determined to be trespass wells in the Journey Litigation.

**WHEREFORE**, the Plaintiff, EQT Production Company, demands:

1. Judgment against the Defendants Dale A. Phillips and Dale Law Offices in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) to be proven at trial, for damages which include but are not limited to trespass damages and prejudgment interest;

2. Its costs expended herein, including a reasonable attorneys' fee;

3. Trial by jury; and

4. All other relief, in law or equity, to which it is entitled.

        **EQT PRODUCTION COMPANY**
        **By Counsel,**

        */s/ John Kevin West*
        John Kevin West (0081802)
        Steptoe & Johnson PLLC
        Huntington Center, Suite 2200
        41 South High Street
        Columbus, OH 43215
        T: 614.458.9889
        F: 614.221.0952
        kevin.west@steptoe-johnson.com